PER CURIAM.
In this postdissolution proceeding the Florida Department of Revenue (DOR), on behalf of Marian Santoriello, seeks certio-rari review of the trial court’s order directing the disclosure of her address. We grant DOR’s petition.
According to the petition, DOR, through its Marion County Child Support Enforcement office, presently has a child support enforcement case involving Ms. Santoriello in Marion County. Previously, Ms. Santo-riello and Mr. Freeman were litigants in a 1993 paternity action in Seminole County. DOR never participated in the Seminole County litigation, which ultimately resulted in an adjudication of paternity by judgment dated January 20, 1995.
The Seminole County case then lay dormant for over four years, until December 9, 1999, when Mr. Freeman filed his motion to direct Marion County Child Sup *581 port Enforcement to provide the address. The motion alleged that he had been attempting to serve Ms. Santoriello but had been unable to do so. It further alleged that Marion County Child Support Enforcement had an address for her and that an employee there indicated to Freeman’s counsel that an address would be provided with a court order. However, the motion does not include a certificate of service and there was apparently no hearing on the motion. On January 20, 2000, the trial court entered an order directing Marion County Child Support Enforcement to provide the Seminole County circuit court with Ms. Santoriello’s address.
DOR in its petition argues that the trial court departed from the essential requirements of law in ordering DOR to disclose Ms. Santoriello’s address because DOR was never given notice with regard to Freeman’s action and thus did not have an opportunity to be heard. DOR further contends that the order is inconsistent with the confidentiality provisions of section 409.2579, Florida Statutes (1999). We agree with DOR’s argument that the trial court’s order violates its due process rights. As indicated, DOR was not served with a copy of Freeman’s motion. Furthermore, no hearing was scheduled or conducted by the circuit judge that entered the order. Under these circumstances, it is evident that DOR was denied notice and an opportunity to be heard. Denial of due process constitutes a departure from the essential requirements of law. See Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995). Certainly, DOR should be afforded an opportunity to argue the applicability of section 409.2579 before the trial court.
PETITION GRANTED; ORDER QUASHED; REMANDED.
W. SHARP, GRIFFIN, and SAWAYA, JJ., concur.