ALTENBERND, Chief Judge.
Roger Graham appeals an order striking the pleadings he had filed in a post-judgment dissolution of marriage proceeding. The order also prohibits him from filing further pro se pleadings. We affirm.
The trial court entered the order on appeal after a hearing at which no court reporter was present. The order includes specific findings of fact regarding Mr. Graham’s abuse of the judicial process. The record before this court contains some pleadings that support the trial court’s determination that Mr. Graham did not comply with court orders and abused the judicial process. It appears that the trial court considered additional evidence of this abuse at the hearing on Ms. Graham’s request for sanctions. Without a transcript of this hearing, the record is inadequate to demonstrate reversible error concerning the imposition of these sanctions. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
Mr. Graham argues that the trial court’s order should be reversed, even in the absence of a transcript of the hearing, because the postjudgment proceedings involve issues affecting the parties’ minor children. He argues that the sanctions imposed essentially decide matters regarding the children’s best interests by default. We disagree. The order on appeal does not strike Mr. Graham’s pleadings with prejudice. The trial court’s order merely requires Mr. Graham to refile his pleadings through licensed counsel who will comply with court orders and not abuse the judicial process.
Certainly, the remedy employed by the trial court in this case should be used sparingly and only in extreme circumstances after the party has been afforded a full measure of due process to explain the questioned conduct and an opportunity to discontinue any misconduct. It is well established, however, that a pro se litigant can lose the right of self-representation even in matters as serious as postjudgment criminal proceedings. See State v. Spencer, 751 So.2d 47 (Fla.1999). Our record does not permit us to conclude that the trial court abused its discretion in imposing these sanctions in this post-judgment dissolution proceeding.
Affirmed.
NORTHCUTT and CANADY, JJ„ Concur.