WARNER, J.
Appellant challenges an order authorizing the suspension of his driver’s license for nonpayment of child support with a purge provision of $2,500. He claims that he does not have the present ability to pay the purge amount. Because the suspension of a driver’s license constitutes a civil sanction, the court must provide the con-temnor with the opportunity to purge the sanction, and it must determine that the contemnor has the present ability to pay the purge amount. Gregory v. Rice, 727 So.2d 251, 253-54 (Fla.1999). Not only did the trial court fail to make such a finding, nothing in the record would support a finding that appellant has the ability to pay that amount. We therefore reverse.
Appellant has accumulated substantial arrearages on alimony and child support obligations. He has instituted several modification proceedings since the dissolution of marriage, mainly because he lost his job as a phot. In a mediated settlement in July 2002, the parties agreed to an arrearage, and appellant agreed that should he miss one payment, the Support Enforcement Division would be entitled to seek automatic suspension of his driver’s license.
Subsequent to the agreement, appellant again moved for modification, and SED moved for contempt and sought to suspend appellant’s license for nonpayment of support. The contempt motion was referred to a general master who recommended holding the father in contempt and requiring a purge amount of $1,638.25. The trial court adopted the general master’s recommendations, and appellant filed a petition for writ of prohibition in this court, which we treated as a non-final appeal. We reversed the order of contempt, determining, in part, that the order lacked a finding that appellant had the present ability to comply with the purge amount, and failed to provide a factual basis for such finding as required by Florida Family Law Rule of Procedure 12.615(e). See Larsen v. Larsen, 854 So.2d 293 (Fla. 4th DCA 2003).
While his petition for modification was pending, appellant received notice of SED’s intent to file for suspension pursuant to section 61.13016, Florida Statutes (2003), and moved for a case status conference as well as a hearing on his motion to contest the suspension. At the hearing, the court stated that the suspension of the driver’s license was not a contempt sanction. The court denied appellant’s objections to the impending suspension, but imposed a purge provision of $2,500. Upon receipt of the purge amount, SED was directed to abate the proceedings for license and motor vehicle registration suspension until further order of the court. Appellant’s license was suspended after he failed to pay the purge amount.
Section 61.13016 provides that an obligor who has been given notice of the intent to suspend his or her driver’s license may petition the court to contest the delinquency action. § 61.13016(l)(c)l.c. The obligor may contest the notice by showing a mistake of fact as to the delinquency or the obligor’s identity. § 61.13016(3). The statute does not contain language excusing the suspension for inability to pay.
However, this case is controlled by expansive language[1] in Gregory v. Rice, 727 So.2d at 254:
Under Bagwell, regardless of whether the sanction is incarceration, garnish *329 ment of wages, additional employment, the filing of reports, additional fines, the delivery of certain assets, the revocation of a driver’s license, or other type of sanction, the court must provide the contemnor with the ability to purge the contempt; that is, if the con-temnor satisfies the underlying support obligation, the sanctions must be lifted.
(Emphasis added). Gregory also reconfirmed the principles of Bowen v. Bowen, 471 So.2d 1274 (Fla.1985), that the court must find a present ability to pay the purge amount in order to enter a civil sanction. 727 So.2d at 253-54.
Therefore, the sanction of driver’s license suspension must be considered a contempt sanction under Gregory for which the court must find a present ability to pay any purge amount set. Here, the court made no such finding. Thus, the order authorizing the suspension must be reversed.
Appellee argues that appellant agreed to the automatic suspension of his license should he fall behind in support payments. However, no agreement was made as to the terms of any purge provision. Without a purge provision, the coercive sanction becomes a criminal contempt sanction, requiring the due process protections of a criminal proceeding. See Bowen, 471 So.2d at 1277.
We recognize that this opinion may cause considerable uncertainty in the use of driver’s license and other license suspensions in child support proceedings without the setting of a purge amount in accordance with the dictates of Bowen. However, we are bound by the clear language of Gregory.
Reversed and remanded for further proceedings.
FARMER, C.J., and GROSS, J., concur.

. The language is expansive because International Union v. Bagwell, 512 U.S. 821, 114 *329 S.Ct. 2552, 129 L.Ed.2d 642 (1994), discusses only civil fines and incarceration. It never mentions other civil sanctions.