943 So.2d 143 (2006)
David B. INGRAHAM, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1471.
District Court of Appeal of Florida, Third District.
June 7, 2006.
Rehearing and Rehearing Denied December 28, 2006.
David B. Ingraham, in proper person.
Charles J. Crist, Jr., Attorney General, and Angel L. Fleming, Assistant Attorney General, for appellee.
Before COPE, C.J., and LEVY, and SUAREZ, JJ.
Rehearing and Rehearing En Banc Denied December 28, 2006.
SUAREZ, J.
The defendant, David B. Ingraham, appeals the trial court's order prohibiting the defendant from filing any further post-trial motions raising claims previously decided. We affirm.
The defendant was convicted and sentenced on April 3, 1992. Since that time, according to an order of the trial court and the record, the defendant has filed six post-trial conviction motions alleging the same claim concerning the co-defendant's polygraph. The defendant correctly claims that he has filed only four post-conviction motions. The issues raised have been previously ruled upon and affirmed on appeal. Upon the filing of defendant's last post-trial motion on the same issue, the trial court ordered a hearing pursuant to State v. Spencer, 751 So.2d 47 (Fla. 1999), to determine whether the defendant should be prohibited from filing further motions on the same issue. The defendant was noticed and was transported to Dade County for the hearing.
The Spencer hearing was conducted. The trial court found that the defendant was abusing the system by filing these frivolous successive petitions. The trial court went so far at the hearing as to ask the defendant if he had any more motions to file as to the co-defendant's polygraph. The trial court ordered, both orally in the presence of the defendant and by written order sent to the defendant, that he was prohibited from filing any further pro se motions for post-conviction relief or any other motions relating to issues previously heard and decided by the trial court, including but not limited to any issue related to the co-defendant's testimony and/or any polygraph examinations. If the defendant files any motion in violation of the order he will face possible denial of earned gain *144 time or subtraction of gain time earned for each motion filed.
We find that the trial court did not abuse its discretion and affirm the order. See Rivera v. State, 728 So.2d 1165 (Fla. 1998); Graham v. Graham, 898 So.2d 210 (Fla. 2d DCA 2005).