949 So.2d 278 (2007)
John Edward LARSEN, Appellant,
v.
Eva LARSEN, Appellee.
No. 4D06-1057.
District Court of Appeal of Florida, Fourth District.
February 7, 2007.
John Larsen, Plantation, pro se.
No appearance for appellee.
Prior report: 901 So.2d 327.
PER CURIAM.
The former husband, John Larsen, appeals a non-final order holding him in contempt for failing to pay his children's health insurance and unreimbursed medical expenses, setting purge provisions, and *279 modifying his child support obligation. Because the record is devoid of evidence to support the contempt order, we reverse.
At the contempt hearing, the former wife testified that the former husband paid only $500 a month of the more than $1,600 in court-ordered child support, past arrearages, reimbursements for medical bills, and health insurance premiums. The former wife admitted she did not know the former husband's salary or if he had the ability to satisfy his financial obligations. Yet, she stated she "would be surprised" if he was unable to make the payments because he is capable of working and was previously employed as a pilot. The former husband testified that, in addition to paying a portion of his court-ordered obligations, he pays $560 monthly in rent and is required to pay the Internal Revenue Service $200 a month. Based on the former husband's stipulation that his monthly net income is $1,700, the trial court entered an order finding that the former husband had the ability to pay his court-ordered obligations. The former husband was consequently held in contempt of court and ordered to endorse an income check from one of his employers to the former wife, to pay the former wife $25 by the following day, and to pay an additional $200 a month in child support until the arrearages were paid in full.
Florida Family Law Rule of Procedure 12.615(d)(1) requires that an order of contempt for failure to pay support obligations include factual findings that a prior order of support was entered, that all or part of the ordered support was not paid and that the alleged contemnor had the present ability to pay support and willfully failed to comply with the prior court order. Based on our review of the record, we conclude that there was no substantial, competent evidence to support the trial court's finding that the former husband had the ability to pay the full amount of the previously ordered support and arrearages and willfully refused to pay the same. See Larsen v. Larsen, 854 So.2d 293 (Fla. 4th DCA 2003) (reversing trial court's order finding former husband in contempt for failing to pay child support because the order was not supported by substantial competent evidence of his ability to pay). Further, we reverse that portion of the order requiring an additional $200 per month in child support until the arrearages are paid as an abuse of discretion since that would make his court-ordered obligations exceed his income. See Butchart v. Butchart, 469 So.2d 965 (Fla. 4th DCA 1985) (holding the amount imposed to reduce child support arrearages must be reasonable). Accordingly, we reverse the order finding the former husband in contempt and likewise vacate the accompanying purge requirements.
Reversed.
STEVENSON, C.J., WARNER and TAYLOR, JJ., concur.