ROTHENBERG, J.
 

 Angela Quincoees (“the mother”) appeals the trial court’s order denying her motion for contempt. We affirm.
 

 On March 15, 2004, the parties’ marriage was dissolved and their marital settlement agreement was incorporated into the final judgment dissolving their marriage.
 
 On
 
 May 24, 2006, the mother filed a motion for contempt, claiming that her former husband, Richard Quincoees (“the father”), owed her back child support and $2000 from the sale of the former marital home. The matter was referred to a general magistrate, who found that the father owed the mother $6550 for back child support and $2000 from the sale of the marital home, plus interest. Based upon the father’s timely-filed objections, the trial court determined that the magistrate violated the father’s due process rights by refusing to allow him sufficient time to obtain and produce documentary evidence in support of his claims, and therefore, remanded the case to the magistrate.
 

 Although the magistrate commenced the hearing on remand, she ultimately recused herself. Because the mother objected to a referral to another magistrate, the trial court conducted the evidentiary hearing on the issue of back child support, at which the testimony of the parties regarding the nine-month period in question differed dramatically. The trial court concluded that the father only owed the mother $700 and denied the mother’s motion for contempt, finding that the father’s conduct, under the circumstances, did not constitute contempt.
 

 The mother’s chief complaints in this appeal are that (1) the trial court’s rulings on the father’s exceptions were erroneous; and (2) the trial court failed to adopt the findings of the general magistrate absent a finding that they were clearly erroneous. Neither claim has merit.
 

 In the exceptions filed by the father, he alleged that he was denied due process because he received insufficient notice of the hearing, time to pi*epare his case, and time to obtain documentary proof from Colombia essential to his defense. The trial court agreed and remanded the matter to the magistrate to conduct a hearing and receive additional evidence.
 
 *659
 
 Based upon a full review of the record before this Court, we find that there was competent substantial evidence to support the trial court’s ruling and no abuse of discretion has been demonstrated.
 
 See Lucky v. Ryan,
 
 973 So.2d 668, 668 (Fla. 3d DCA 2008) (finding that a person facing a civil contempt sanction is “entitled to a proceeding that meets the fundamental fairness requirements of the due process clause of the Fourteenth Amendment to the United States Constitution. Such fundamental fairness includes providing the alleged contemnor with adequate notice and an opportunity to be heard”) (quoting
 
 Bresch v. Henderson,
 
 761 So.2d 449, 451 (Fla. 2d DCA 2000) (citations omitted)).
 

 Regarding the mother’s second argument, we recognize that a magistrate’s findings and recommendations are clothed with a presumption of correctness. However, as this Court stated in
 
 Bell v. Bell,
 
 307 So.2d 911, 914 (Fla. 3d DCA 1975),
 
 quoted in DeClements v. DeClements,
 
 662 So.2d 1276, 1283 (Fla. 3d DCA 1995):
 

 Even when no exceptions are made to the master’s report, entry of a final judgment in accordance with the master’s findings and recommendations is not a mere formality. Rather, the court is duty bound to examine and consider the evidence for itself and to make a judicial determination as to whether under the law and the facts the court is justified in entering the judgment recommended by the master.
 

 This duty is guaranteed by the Florida Constitution and is premised upon the fact that “the trial judge is the only elected constitutional officer with the organic right to determine a litigant’s case.”
 
 DeClements,
 
 662 So.2d at 1283.
 
 See also Bell,
 
 307 So.2d at 914 (holding that while a circuit court judge may appoint masters and refer matters to them, their judicial power is not delegable).
 

 The trial court properly performed its duty and there is competent substantial evidence to support the trial court’s determination that the father did not receive adequate notice or opportunity to present his case. Because denial of due process constitutes a departure from the essential requirements of law,
 
 Shuff v. City of Opa Locka,
 
 907 So.2d 648 (Fla. 3d DCA 2005);
 
 Dep’t of Revenue v. Freeman,
 
 762 So.2d 580 (Fla. 5th DCA 2000), the trial court did not err by remanding the case to the magistrate to provide the father with a fair opportunity to present his case.
 

 We additionally find that based upon the circumstances of this case, the trial court did not err in conducting an evidentiary hearing and making its factual findings. Although the trial court remanded the case to the magistrate to conduct the hearing, the magistrate recused herself and the mother objected to another magistrate hearing the matter. Thus, the trial court was left with no choice but to hear the matter. After conducting a full evidentia-ry hearing, the trial court made its findings. While the findings differed from that of the magistrate, the trial court’s findings were not based upon a reweighing of the evidence presented to the magistrate. The trial court’s findings were based upon the evidence presented to the trial court, during a three-day evidentiary hearing.
 

 When the trial court serves as the finder of fact regarding child support ar-rearages, the standard of appellate review is abuse of discretion.
 
 Larsen v. Larsen,
 
 949 So.2d 278, 279 (Fla. 4th DCA 2007). Because we find no abuse of discretion, we affirm.
 

 Affirmed.