STEVENSON, J.
 

 Daniel Porush, the former husband, appeals a non-final order, authorizing the suspension of his driver’s license and motor vehicle registration for failure to pay child support. We reverse and remand for the trial court to amend its contempt order to include a purge amount and a finding of the former husband’s present ability to pay it.
 

 The clerk of the lower court, per the request of the former wife, notified the former husband of a $368,022.75 delinquency in his child support payments. In response, the former husband filed a verified motion to contest the delinquency. At the hearing on this matter, the former husband, in pertinent part, testified that he had made child support payments of $50,000 and $104,450 that had not been recorded in the clerk’s ledger. The trial court, adopting the magistrate’s findings, entered an order, in pertinent part, directing the clerk to reduce the delinquency by $154,450, but also finding the former husband delinquent and directing the clerk to process the suspension of his driver’s license and motor vehicle registration.
 

 Florida Family Law Rule of Procedure 12.615 governs civil contempt proceedings in support matters related to family law cases and limits the use of civil contempt sanctions under the rule to those used to compel compliance with a court order and those used to compensate a movant for losses sustained as a result of a contem-nor’s willful failure to comply with a court order. Revocation of a delinquent child support obligor’s driver’s license and motor vehicle registration is a possible sanction to obtain compliance. § 61.13016, Fla. Stat. (2008). “If the court orders incarceration, a coercive fine, or any other coercive sanction for failure to comply with a prior support order, the court
 
 shall
 
 set conditions for purge of the contempt, based on the contemnor’s present ability to comply.” Fla. Fam. L.R.P. 12.615(e) (emphasis added).
 
 See also Larsen v. Larsen,
 
 901 So.2d 327, 329 (Fla. 4th DCA 2005) (“[T]he sanction of driver’s license suspension must be considered a contempt sanction ... for which the court must find a present ability to pay any purge amount set.”).
 

 In the instant case, the trial court erred in neglecting to include a purge provision in its contempt order that authorized the immediate revocation of the former husband’s driver’s license and motor vehicle registration. Prior to setting a purge provision, the trial court will need to determine the former husband’s present ability to pay such an amount. This finding should be included in the order. As to the other issues raised on appeal and not withdrawn, we affirm without discussion.
 

 Affirmed in part, reversed in part, and remanded.
 

 GROSS, C.J., and TAYLOR, J., concur.