STEVENSON, J.
The appellant, Julia Couper Leo, appeals from an order finding her in civil contempt. Because that order was entered without an evidentiary hearing, we reverse and remand.
This appeal stems from a final judgment of dissolution of marriage as between the appellant (“Former Wife”) and the appel-lee, Brian Leo (“Former Husband”). Subsequent to entry of the final judgment, Former Husband filed a motion for civil contempt and enforcement, alleging that Former Wife failed to comply with provisions in the final judgment, as well as an agreed order entered by the trial court.
A hearing was scheduled on Former Husband’s motion for civil contempt. Pri- or to the hearing, Former Husband’s attorney informed Former Wife’s attorney that the hearing had been cancelled because the trial court made its ruling. For-
mer Husband then provided the trial court with two proposed orders, both finding Former Wife in civil contempt, one of which was ultimately adopted by the trial court. The adopted order stated that “it is undisputed that Former Wife has willfully and wantonly violated the Agreed Order”; that “Former Wife has failed to meet her burden of proving that she either lacked or presently lacks the ability to comply with the Court’s Final Judgment and Agreed Order, or that she is not in willful noncompliance with lawful orders of this Court”; that Former Wife’s non-compliance was “willful and deliberate”; and that Former Wife “has the present ability to comply.”
“A person facing civil contempt sanctions is entitled to notice and an opportunity to be heard.” Whitby v. Infinity Radio, Inc., 961 So.2d 349, 355 (Fla. 4th DCA 2007). Former Wife was not given this opportunity. While our review of the record indicates that relevant evidence may have been presented during the preceding dissolution proceedings, Former Wife was still entitled to present evidence in the context of a civil contempt hearing. See Voigt v. Voigt, 505 So.2d 626, 626 (Fla. 3d DCA 1987) (reversing order finding wife in contempt for refusing to return husband’s belongings where trial court failed to conduct evidentiary hearing on wife’s present ability to comply).

Reversed and remanded.

POLEN and TAYLOR, JJ., concur.