WALLACE, Judge.
Presidio Networked Solutions, Inc. petitions for certiorari review of an order entered in the underlying dissolution proceeding between its employee, Kenneth H. Taylor, III, and his wife, Debra S. Taylor. Presidio argues that the circuit court departed from the essential requirements of the law, thereby causing it irreparable harm, when, without giving Presidio notice or an opportunity to be heard, it entered an order directing Presidio to retroactively reinstate Mr. Taylor’s health insurance policy after the policy lapsed absent any fault of Presidio. We agree and grant the petition, quash the order on review, and remand for further proceedings.[1]
“To obtain certiorari relief on an interlocutory order, the petitioner must demonstrate (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.” Trucap Grantor Trust 2010-1 v. Pelt, 84 So.3d 369, 371 (Fla. 2d DCA 2012) (quoting Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004) (internal quotation marks omitted)). We review the final two elements first because they are jurisdictional. Id.
Here, the circuit court ordered Presidio to reinstate Mr. Taylor’s health insurance policy retroactively without giving Presidio notice or an opportunity to be heard. This complete denial of due process to Presidio in connection with the underlying proceedings constitutes the type of irreparable harm that is subject to certiorari review. See K.G. v. Fla. Dep’t of Children & Families, 66 So.3d 366, 368 (Fla. 1st DCA 2011) (observing that if a mother’s allegation that she was denied an opportunity to be heard on a shelter peti *436 tion was true, the resulting harm would be irreparable unless immediately addressed; otherwise “the entire proceeding [would be] based on a denial of her due process rights”); see also A.G. v. Fla. Dep’t of Children & Families, 65 So.3d 1180, 1182 (Fla. 1st DCA 2011) (holding that the denial of counsel to a father at a shelter hearing constituted a denial of due process renewable by certiorari).
Moreover, because Presidio is not a party to the underlying dissolution proceeding, it cannot challenge the order on direct appeal. Other than certiorari review, the only way that Presidio could challenge the circuit court’s order would be to risk contempt for failure to comply with the order and then appeal an order of contempt. See Nussbaumer v. State, 882 So.2d 1067, 1072 (Fla. 2d DCA 2004) (citing Briggs v. Salcines, 392 So.2d 263, 266 (Fla. 2d DCA 1980)). “However, this is ‘too great a price’ to require [Presidio] to pay.” Id. (quoting Briggs). Accordingly, the jurisdictional prong for certiorari review is met in this case.
For similar reasons, we conclude that the circuit court departed from the essential requirements of the law in entering the subject order. The circuit court made a factual finding that “[Mr. Taylor’s] policy of insurance was mistakenly cancelled,” without giving Presidio the opportunity to explain the circumstances under which the policy had lapsed, and it directed Presidio to take action that it may be unable to take without first giving Presidio notice and an opportunity to be heard. “Denial of due process [to Presidio] constitutes a departure from the essential requirements of law.” Dep’t of Revenue v. Freeman, 762 So.2d 580, 581 (Fla. 5th DCA 2000); see Quincoces v. Quincoces, 10 So.3d 657, 659 (Fla. 3d DCA 2009) (same).[2]
Accordingly, we grant the petition, quash the order on review, and remand the case for further proceedings.
KHOUZAM and CRENSHAW, JJ., Concur.

. The Taylors have not participated in this proceeding and have not filed briefs.

. We also note that because Presidio is not a party to the underlying proceeding, the circuit court's jurisdiction to order Presidio to retroactively reinstate Mr. Taylor's insurance policy is highly questionable.