DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JOSEPH A. WIENDL,

Petitioner,

v.

STEPHANIE R. WIENDL,

Respondent.

No. 2D2024-1861

_____

June 20, 2025

Petition for Writ of Certiorari to the Circuit Court for Hillsborough
County; Wesley D. Tibbals, Judge.

Joseph A. Wiendl, pro se.

No appearance for Respondent.


LaROSE, Judge.

The parties' contentious and protracted divorce proceedings
seemingly ended in 2018 with an amended dissolution judgment.
Unfortunately, not so. Joseph A. Wiendl (Former Husband) continued
his litigious ways. His fusillade of "constant litigation" led the trial court
to enter, sua sponte, a Second Amended Omnibus Order on Further

Proceedings and Order Requiring Former Husband to be Represented by Counsel (the Order).

The Order streamlined filing deadlines and hearing dates relating to Former Husband's delinquent child support payments to Stephanie Wiendl (Former Wife).

The Order, however, went further. Too far. In his certiorari petition,[1] Former Husband complains that the Order declared him to be an "abusive litigant." As a sanction, the trial court forbade him from "fil[ing] any pleadings, motions, or petitions, or prosecut[ing] or defend[ing] any pleadings, motions, or petitions without being represented by a lawyer who is a member of the Florida Bar in good standing."

The Order also directed the parties to attend in-person mediation with Jennifer Ficarrotta any time "three or more motions or petitions are pending." The Former Husband would be "100% responsible for the costs of mediation" and must "pay the mediator's fee in advance of the mediation based on the number of hours scheduled at the mediator's hourly rate."[2]

---

[1] Former Husband initially filed a notice of appeal. We converted the appeal to a certiorari proceeding. *See* Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought . . . ."); *Harris v. Gattie*, 263 So. 3d 829, 830 (Fla. 2d DCA 2019) (treating notice of appeal of order forbidding Harris from filing further pro se papers in the case and any other future case as a petition for writ of certiorari).

[2] Before us, Former Husband makes a passing attack on the mediation matter, asserting only that "appointment of a mandatory private mediator [comes] at great expense (especially when mediation services are already provided by the courts at reasonable cost)." No record evidence supports this charge. Former Husband fails to show irreparable material injury. We say no more on this point.

2

To succeed Former Husband must show "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." *Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011) (quoting *Reeves v. Fleetwood Homes of Fla., Inc.*, 889 So. 2d 812, 822 (Fla. 2004)). A departure from the essential requirements of the law requires more than simple legal error. *Allstate Ins. v. Kaklamanos*, 843 So. 2d 885, 889 (Fla. 2003). Rather, "[a] district court should exercise its discretion to grant certiorari review only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." *Id.*

When a trial court abridges a party's due process right to notice and an opportunity to be heard, a miscarriage of justice can occur. *See, e.g., Presidio Networked Sols., Inc. v. Taylor*, 115 So. 3d 434, 435 (Fla. 2d DCA 2013) (noting that the trial court's failure to provide notice and opportunity to be heard to Presidio was a "complete denial of due process" sufficient to "constitute[] the type of irreparable harm that is subject to certiorari review").

Barring a self-represented litigant from filing further papers is strong medicine. Courts must strike the right balance between a litigant's access to the courts and any abuse of that right. Our supreme court has spoken on this issue:

> We have recognized the importance of the constitutional guarantee of citizen access to the courts, with or without an attorney. *See, e.g., Rivera* [*v. State*], 728 So. 2d [1165,] 1166 [(Fla. 1998)]; *Attwood* [*v. Singletary*], 661 So. 2d [1216,] 1217 [(Fla. 1995)]; *see also* art. I, § 21, Fla. Const. ("The courts shall be open to every person for redress of any injury . . . .") . . . .
>
> However, any citizen . . . abuses the right to pro se access by filing repetitious and frivolous pleadings, thereby diminishing the ability of the courts to devote their finite

3

resources to the consideration of legitimate claims. *See Rivera*, 728 So. 2d at 1166; *Attwood*, 661 So. 2d at 1216-17; *Martin* [*v. Cir. Ct., Seventeenth Jud. Cir.*], 627 So. 2d [1298,] 1300 [(Fla. 4th DCA 1993)].

*State v. Spencer*, 751 So. 2d 47, 48 (Fla. 1999). Obviously, "[t]he right of self-representation is not absolute." *Indiana v. Edwards*, 554 U.S. 164, 171 (2008). "[A] litigant's right to access the courts may be restricted upon a showing of egregious abuse of the judicial process." *Delgado v. Hearn*, 805 So. 2d 1017, 1018 (Fla. 2d DCA 2001); *see also Martin v. Dist. of Columbia Ct. of Appeals*, 506 U.S. 1, 3 (1992) (recognizing a court's inherent authority to sanction vexatious litigants).

Evidently, the trial court was frustrated, perhaps rightfully so, by Former Husband's conduct. But it is not apparent in our sparse record that the trial court extended to Former Husband notice or an opportunity to be heard. By failing to do so, the trial court departed from the essential requirements of the law. *See Presidio Networked Sols., Inc.*, 115 So. 3d at 435. Moreover, although the trial court allowed Former Husband to appear through counsel, Former Husband has suffered an irreparable harm; he cannot file papers on his own behalf—a right to which he would be otherwise entitled. *See Graham v. Graham*, 898 So. 2d 210, 211 (Fla. 2d DCA 2005) (explaining that a pro se litigant can lose "the right of self-representation" in a postjudgment dissolution proceeding). Accordingly, the portion of the Order restricting Former Husband's self-representation cannot stand.

Petition for writ of certiorari granted, in part; order quashed, in part.

KHOUZAM and BLACK, JJ., Concur.

_____

4

Opinion subject to revision prior to official publication.