# Third District Court of Appeal

## State of Florida

Opinion filed October 8, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1428
Lower Tribunal No. 24-1692-FC-04
_____

**Vanessa Garcia Azzam,**
Petitioner,

vs.

**Alejandro Manuel Diaz De La Portilla,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Dennis & Dennis, P.A., and J. Robert Dennis, for petitioner.

Open Book Appeals, and Erin Pogue Newell, for respondent.

Before EMAS, GORDO and LOBREE, JJ.

PER CURIAM.

Vanessa Garcia Azzam ("Azzam") petitions this Court for a writ of certiorari to quash the trial court's June 24, 2025, civil contempt order, arguing there was insufficient procedural notice of the contempt proceedings. Based on the record before us, we grant the petition and quash the order.[1] See Fam. L. R. P. 12.615(b) ("Civil contempt may be initiated by motion. The motion must recite the essential facts constituting the acts alleged to be contemptuous. No civil contempt may be imposed without notice to the alleged contemnor and without providing the alleged contemnor with an opportunity to be heard. The civil contempt motion and notice of hearing may be served in accordance with Florida Rule of General Practice and Judicial Administration 2.516 provided notice is reasonably calculated to apprise the alleged contemnor of the pendency of the proceedings. The notice must specify the time and place of the hearing and must contain the following language: 'FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD.' This notice must also state whether electronic recording or a court reporter is provided by the

---

[1] While we recognize that a court may initiate contempt proceedings when a party fails to comply with its orders, it must do so in accordance with the governing procedural rules. See Fam. L. R. P. 12.615(b).

court or whether a court reporter, if desired, must be provided by the party."); Presidio Networked Sols., Inc. v. Taylor, 115 So. 3d 434, 435 (Fla. 2d DCA 2013) (noting that the trial court's failure to provide notice and opportunity to be heard to Presidio was a "complete denial of due process" sufficient to "constitute[ ] the type of irreparable harm that is subject to certiorari review"); Dep't of Revenue v. Freeman, 762 So. 2d 580, 581 (Fla. 5th DCA 2000) ("Denial of due process constitutes a departure from the essential requirements of law."); Hart v. Hart, 278 So. 3d 193, 193-94 (Fla. 3d DCA 2019) ("Failure to comply with the requirements of rule 12.615(b) results in a violation of the opposing party's due process rights."); Leo v. Leo, 79 So. 3d 188, 189 (Fla. 4th DCA 2012) (holding a trial court cannot enter an order finding former wife in civil contempt without conducting an evidentiary hearing).

Petition granted; order quashed.