STRINGER, Judge.
Zenen D. Delgado appeals from an order dismissing his complaint and an order imposing sanctions. We affirm the order dismissing his complaint without comment but reverse the order imposing sanctions. The trial court did not follow the proper procedure when it determined that Delgado could no longer appear as a pro se litigant in the Twelfth Judicial Circuit in any legal proceedings against appellees.
Delgado and Tama Hearn were divorced in 1986, but as too often happens, the divorce was just the beginning of their litigious journey which has spanned fifteen years and two states. According to appel-lees’ motion for sanctions, “the index to the docket in the Sarasota County dissolution case consumed 35 pages through December 22,1997.” No matter how litigious the former husband and former wife may have been, the only postjudgment litigation initiated by the former husband was the instant action filed in July 2000. The former husband filed a complaint against the former wife and two of her attorneys, alleging abuse of process, malice, slander, libel, and malicious prosecution. Attached to the complaint was a letter dated November 1995 addressed to the former wife wherein, in speaking of the former wife’s relatives and their financial contribution to her, the former husband wrote, “I assume that they will not mind to find all these financial means tied up in well deserved, endless and costly litigation[.]” Referencing this language from the letter, appellees filed a motion for sanctions asking the court to enjoin the former husband from appearing pro se in any further legal proceedings in the Twelfth Judicial Circuit.
The judge previously assigned to the case granted the former husband’s motion to disqualify on September 18, 2000, and *1018 the case was reassigned to a new judge by an order entered on September 21, 2000. On September 27, 2000, without conducting a hearing, the newly assigned judge entered an order finding that the former husband’s letter was a threat to “file endless and costly litigation against the [former wife]” and ordered the sanction which is the subject of this appeal. Prior to entering the order however, the trial court failed to issue an order to show cause as to why the sanction should not be imposed, nor did the court give the former husband notice of the proposed sanction.
While it is clear that a litigant’s right to access the courts may be restricted upon a showing of egregious abuse of the judicial process, see, e.g. Attwood v. Singletary, 661 So.2d 1216 (Fla.1995), due process requires that courts first provide notice and an opportunity to respond before imposing this extreme sanction. State v. Spencer, 751 So.2d 47 (Fla.1999). Providing such notice and an opportunity to respond will serve to create a more complete record. “If the litigant is thereafter denied further pro se access to the courts, the appellate courts will have an enhanced ability to determine whether the denial of access is an appropriate sanction under the circumstances.” Spencer, 751 So.2d at 49.
We therefore reverse the order imposing sanctions, and if, on remand, the trial court is still of the opinion that the former husband should be sanctioned, it shall issue an order to show cause as to why the sanction should not be imposed and allow the former husband a reasonable time to respond.
Reversed in part and remanded.
ALTENBERND, A.C.J., and DAVIS, J., Concur.