941 So.2d 1206 (2006)
Felton EPPS, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D06-2454.
District Court of Appeal of Florida, Fourth District.
November 15, 2006.
Felton Epps, DeFuniak Springs, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
We grant certiorari review of a trial court's order prohibiting Epps from filing further pro se motions. He complains that the court entered the order without giving him notice and without issuing an order for him to show cause why he should not be prohibited from appearing pro se.
Before prohibiting further pro se filings, the court must give a pro se litigant notice and an opportunity to show cause why sanctions should not be imposed. State v. Spencer, 751 So.2d 47 (Fla.1999).
To achieve the best balance of a litigant's right of access to courts and the need of the courts to prevent repetitious and frivolous pleadings, it is important for courts to first provide notice and an opportunity to respond before preventing that litigant from bringing further attacks on his or her conviction and sentence.
Further, providing notice and an opportunity to respond through the issuance *1207 of an order to show cause also serves to generate a more complete record. If the litigant is thereafter denied further pro se access to the courts, the appellate courts will have an enhanced ability to determine whether the denial of access is an appropriate sanction under the circumstances.
Id. at 48-49.
The record reflects that Epps did not have notice and an opportunity to respond. The order in this case states that it granted the state's motion for an injunction on the same day the state's motion was filed.
We do not accept the state's suggestion that Epps had adequate notice by the order and opportunity to respond by way of a motion for rehearing. A motion for rehearing is not a sufficient, meaningful opportunity to be heard. To be fair or meaningful, the opportunity to be heard must be provided "before rights are decided." See Peoples Bank of Indian River County v. State, Dep't of Banking & Fin., 395 So.2d 521, 524 (Fla.1981) (citation omitted). To satisfy procedural due process, an opportunity to be heard must be meaningful and complete and "not merely colorable or illusive." Rucker v. City of Ocala, 684 So.2d 836, 841 (Fla. 1st DCA 1996) (citation omitted).
We recognize that in Filmore v. State, 935 So.2d 1282 (Fla. 4th DCA 2006), this court upheld an order granting the state's motion for an injunction to prohibit the defendant in that case from filing further pro se motions. However, Filmore did not reply to the state's motion despite adequate time to do so. Therefore, this court concluded the procedure satisfied Spencer because the defendant had notice and sufficient opportunity to respond, but failed to do so.
Therefore, the petition for writ of certiorari is granted, we quash the trial court's order, and remand for further proceedings.
STEVENSON, C.J., STONE and KLEIN, JJ., concur.