PER CURIAM.
Leroy Hudson appeals the denial of his rule 3.800(a) motion, as well as the trial court’s order prohibiting him from filing future pro se pleadings unless signed by a member of the Florida Bar. We sua sponte consolidate the cases for review and affirm both orders. The trial court properly rejected Hudson’s rule 3.800(a) motion as an abusive and successive challenge to his conviction. In doing so, the trial court did not abuse its discretion when it issued the sanction order barring further pro se filings from Hudson. See Fla. R.Crim. P. 3.850(m). The court’s order denying Hudson’s rule 3.800(a) motion provided Hudson with notice of the court’s intent to impose sanctions and an opportunity to be heard.
Additionally, we caution Hudson that filing future frivolous appeals or petitions involving successive post-conviction or other collateral challenges to his adjudication and/or sentence may result in sanctions from this court as well, including an order barring pro se pleadings or other filings under State v. Spencer, 751 So.2d 47 (Fla.1999), and/or referral to prison officials for consideration of disciplinary procedures which may include loss of gain time. See §§ 944.279(1), 944.28(2)(a), Fla. Stat. (2011).

Affirmed.

MAY, C.J., TAYLOR and GERBER, JJ., concur.