MAY, C.J.
The defendant appeals the denial of her post-conviction motion and an order prohibiting her from any future pro se filings. After briefing, the Public Defender noticed an appearance in this appeal to preserve the defendant’s ability to pro se raise a new issue based upon a recent United States Supreme Court decision. We affirm the denial of her post-conviction relief motion as untimely and successive. We write simply to direct the trial court to allow her to pro se pursue the constitutionality of her life sentence solely based upon Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012).
The defendant has filed numerous post-conviction motions attacking her convictions and sentences for First Degree Murder and Attempted Robbery, with a firearm having been used in both crimes. The judgment and sentence were affirmed on direct appeal fourteen years ago. See Ashe v. State, 718 So.2d 192 (Fla. 4th DCA 1998). Since that time, the defendant’s filings have consisted of non-meritorious, repetitive, and proeedurally barred claims.
Thirteen years after her conviction, the defendant returned with another untimely and successive motion for post-conviction relief, re-raising previously denied claims. The trial court found the motion untimely. The denial of that motion was appealed and affirmed. See Ashe v. State, 94 So.3d 598 (Fla. 4th DCA 2012).
The trial court then ordered the defendant to “show cause” why she should not be prohibited from filing future pro se pleadings, motions, and petitions attacking the judgments and sentences. The trial court reviewed the response and record, and found that “NO good cause has been shown and the [defendant shall be prohibited from filing pro se motions in the above caption[ed] case.” The trial court then barred any further pro se filings. The defendant has now appealed to this court.
The defendant argues that she was never afforded an opportunity to amend her original motion for post-conviction relief, and the trial court misunderstood her intent. The State responds that the defendant has already received the ruling she now seeks, and correctly concluded the defendant should be barred from future pro se filings.
We review an order prohibiting any further pro se filings for an abuse of discretion. See Hudson v. State, 95 So.3d 413, 414 (Fla. 4th DCA 2012).
*958 Florida Rule of Criminal Procedure 3.850 allows criminal defendants to enter motions to vacate, set aside, or correct a sentence, but limits the time to two years on most motions. Fla. R.Crim. P. 3.850(b). The rule also protects against frivolous filings. Fla. R.Crim. P. 3.850(m).
Before a trial court can impose the most severe sanction, it must “first provide notice and an opportunity to respond before preventing that litigant from bringing further attacks on his or her conviction and sentence.” State v. Spencer, 751 So.2d 47, 48 (Fla.1999). This procedure “aehieve[s] the best balance of a litigant’s right of access to courts and the need of the courts to prevent repetitious and frivolous pleadings.” Id.
Here, the trial court provided the defendant with the requisite notice before prohibiting her from future pro se filings. The trial court did not abuse its discretion in entering its order. Finally, the defendant’s argument about the 2000 motion has already been appealed and affirmed. See Ashe v. State, 819 So.2d 195, 196 (Fla. 4th DCA2002). We affirm.
The Public Defender has requested that the prohibition not be extended to the defendant’s ability to raise the constitutionality of her life sentence without parole because she was a minor at the time of the offense. We agree that the defendant should be given this limited opportunity.

Affirmed with direction to allow a pro se filing limited to the sentencing issue under Miller.

WARNER and POLEN, JJ., concur.