PER CURIAM.
We affirm, based upon State v. Spencer, 751 So.2d 47, 48 (Fla.1999), the trial court’s order barring the appellant from further pro se filings.
An order prohibiting pro se filings is reviewed for an abuse of discretion. Ashe v. State, 106 So.3d 956, 957 (Fla. 4th DCA 2013); Hudson v. State, 95 So.3d 413, 414 (Fla. 4th DCA 2012). Generally, “a trial court’s decision does not constitute an abuse of discretion unless no reasonable person would take the view adopted by the trial court.” McCray v. State, 71 So.3d 848, 862 (Fla.2011) (quoting Peede v. State, 955 So.2d 480, 489 (Fla.2007)) (internal citation omitted). &
The appellant had filed several improperly successive motions which were merit-less. The trial court warned him that further filings would warrant sanctions. When he filed yet another successive, mer-itless motion, the trial court issued an order to show cause why he shouldn’t be barred from further filings. The appellant responded that he had simply signed what prison law clerks had prepared for him and relied on their incorrect advice that he could continue to file such motions. His explanation is no ground to excuse his repetitive, meritless filings and is belied by his required oath, under penalty of perjury, that he had reviewed the documents and that they were true. See Fla. R.Crim. P. 3.850(c). Furthermore, the defendant filed his last rule 3.850 motion after the trial court had admonished him that filing future postconviction motions could result in sanctions. It too was successive, merit-less, and untimely. See Wallace v. State, 117 So.3d 428 (Fla. 4th DCA 2013) (unpublished table decision) (affirming denial of defendant’s last rule 3.850 motion).
The court did not abuse its discretion in entering the Spencer order.

Affirmed.

WARNER, STEVENSON and GERBER, JJ., concur.