CASANUEVA, Judge.
Kevin M. Owens files this petition for writ of certiorari, seeking to quash the circuit court’s order that precludes him from filing any further pleadings, motions, documents, or papers with the Hillsbor-ough County Clerk of the Circuit Court unless they are signed by a member in good standing of the Florida Bar. Upon review of the petition, we conclude that Mr. Owens’ arguments that the circuit court departed from the essential requirements of law in barring him from future pro se filings are without merit. See Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 649 (Fla. 2d DCA 1995) (explaining that in order for an appellate court to grant a petition for writ of certiorari, “[a] petitioner must establish (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal”). Accordingly, we deny Mr. Owens’ petition for writ of certiorari.
Although not raised by Mr. Owens, we note that the documents filed with this court suggest that the circuit court failed to provide him with notice or an opportunity to respond before it entered the order barring him from future pro se filings. See State v. Spencer, 751 So.2d 47, 48-49 (Fla.1999) (requiring that pro se litigants receive notice and opportunity to respond before restricting their access to courts); see also Delgado v. Hearn, 805 So.2d 1017, 1018 (Fla. 2d DCA 2001) (applying Spencer to civil causes of action filed by pro se litigants); Bolton v. SE Prop. Holdings, LLC, 127 So.3d 746, 747 (Fla. 1st DCA *446 2013) (same). To ensure that Mr. Owens receives his right to due process, we encourage the circuit court to review its prior procedure. If appropriate, it may reconsider the order after providing Mr. Owens notice and an opportunity to respond. See Delgado, 805 So.2d at 1018 (“While it is clear that a litigant’s right to access the courts may be restricted upon a showing of egregious abuse of the judicial process, ... due process requires that courts first provide notice and an opportunity to respond before imposing this extreme sanction.” (internal citations omitted)).
Petition denied.
LaROSE and MORRIS, JJ., Concur.