NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KEVIN C. BERTRAM,                       )
                                        )
            Appellant,                  )
                                        )
v.                                      )        Case No. 2D13-3973
                                        )
U.S. BANK N.A., as Trustee,             )
                                        )
            Appellee.                   )
_____   )

Opinion filed July 9, 2014.

Appeal from the Circuit Court for Pinellas
County; Bruce Boyer, Judge.

Kevin C. Bertram, pro se.

Jeremy W. Harris, Masimba M. Mutamba
and Khari E. Taustin of Morris, Laing,
Evans, Brock & Kenney, Chtd., West Palm
Beach, for Appellee.


PER CURIAM.

            Kevin C. Bertram appeals the final order discharging his notice of lis

pendens and denying his motion for relief from the final judgment of foreclosure.

Because we find no merit in Bertram's arguments on appeal, we affirm.

            However, to the extent that the order on appeal may bar Bertram from

further filings in the circuit court, we reverse.  The record does not reflect that the circuit

court provided Bertram with notice or an opportunity to respond. See Owens v. Forte, 135 So. 3d 445, 445 (Fla. 2d DCA 2014) (citing State v. Spencer, 751 So. 2d 47, 48-49 (Fla. 1999) (requiring that pro se litigants receive notice and opportunity to respond before restricting their access to courts); and Delgado v. Hearn, 805 So. 2d 1017, 1018 (Fla. 2d DCA 2001) (applying Spencer to civil causes of action filed by pro se litigants)). Although we do not pass on whether Bertram's filings rise to the level of an abuse of process, "due process requires that courts first provide notice and an opportunity to respond before imposing this extreme sanction." Delgado, 805 So. 2d at 1018. Accordingly, we reverse the portion of the order barring Bertram from further pro se filings in the circuit court.

Affirmed in part and reversed in part.

ALTENBERND, WALLACE, and SLEET, JJ., Concur.