[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11119
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cv-01852-ACC-DAB


HENRY MCCONE,

                                                    Plaintiff-Appellant,

versus

PITNEY BOWES, INC.,
PITNEY BOWES MANAGEMENT SERVICES, INC.,

                                                    Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 5, 2014)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

*Pro* se plaintiff-appellant Henry McCone appeals from the district court's dismissal of his Title VII employment discrimination claim, 42 U.S.C. § 2000e *et seq*, for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. (Rule) 12(b)(6).  After a thorough review of the record, we affirm.

I.

McCone filed a second amended complaint against Pitney Bowes, Inc. and Pitney Bowes Management Services, Inc. (collectively "Pitney Bowes"), alleging that Pitney Bowes discriminated against him based on his gender.

McCone began working for Pitney Bowes[1] as a non-driving customer service associate in 2003.  His job involved opening correspondence, date stamping, folding and inserting correspondence, and metering mail.  Subsequently, Pitney Bowes required him to drive the site route, which entailed transporting correspondence and files in Orlando and surrounding areas.  Female customer services employees Wanda Williams and Terry Synder were not trained or required to drive the site route.  Driving the site route exposed McCone to adverse weather conditions and removed amenities McCone had access to while working as a non-driver, specifically, air conditioning, restrooms, microwave oven, and a refrigerator.  After McCone complained about the change in job assignments, and

---

[1]  None of McCone's complaints indicated which entity was his direct employer.

expressed his safety concerns for driving the route, he received a negative performance evaluation.

Pitney Bowes moved to dismiss under Rules 8 and 12(b)(6), arguing that McCone failed to allege any adverse employment action or to identify any similarly situated female employee.  The district court granted the motion, finding that McCone failed to allege any adverse employment action.  The court rejected McCone's claims that the dangers of driving and the lack of amenities constituted material changes in the terms of his employment.[2]  McCone moved for reconsideration, which the court denied.[3]  This is McCone's appeal.

## II.

We review a grant of a motion to dismiss for failure to state a claim *de novo*, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the

---

[2]  Because the court found that McCone failed to plead any adverse employment action, it did not address whether McCone had identified similarly situated employees who were treated differently.  And because the court dismissed the complaint under Rule 12(b)(6), it did not address Pitney Bowes's Rule 8 argument.

[3]  Although McCone indicated in his notice of appeal that he was appealing from the dismissal and denial of reconsideration, his opening brief does not address the motion for reconsideration.  Accordingly, McCone has abandoned any assertion of error with respect to the district court's ruling on his post-judgment motion.  *Holland v. McGee*, 677 F.3d 1047, 1066 (11th Cir. 2012) (explaining that issues not raised in the initial brief are abandoned).

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). In reviewing a motion to dismiss, we must determine whether the pleadings contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is facially plausible when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

We construe a *pro se* litigant's pleadings liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). But, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), *overruled on other grounds, as recognized by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

## III.

Title VII prohibits employment discrimination on the basis of gender. 42 U.S.C. § 2000e-2(a). To establish a showing of discrimination based on circumstantial evidence, we apply the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Kidd v. Mando Am. Corp.*, 731 F.3d 1196, 1202 (11th Cir. 2013). Under this framework, the plaintiff must first set out a

prima facie showing.  *Id.*  A plaintiff can meet this by showing: (1) he was a member of a protected class; (2) he was qualified for the job; (3) he suffered an adverse employment action; and (4) his employer treated similarly situated employees outside the protected class more favorably.  *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).

An adverse employment action is not only an element of the prima facie case, but an element of the claim itself.  *Holland v. Gee*, 677 F.3d 1047, 1056 (11th Cir. 2012).  An adverse employment action is "a serious and material change in the terms, conditions, or privileges of employment."  *Id.* (internal citation and emphasis omitted).  Generally, an adverse employment action requires a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.  *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001).  The employee's subjective view of the significance and adversity of the employer's action is not controlling.  *Kidd*, 731 F.3d at 1204.  Rather, the employment action must be materially adverse as viewed by a reasonable person under the same circumstances.  *Id.*

"[N]ot all conduct by an employer negatively affecting an employee constitutes adverse employment action."  *Davis*, 245 F.3d at 1238.  Title VII is neither a general civility code nor a statute making actionable the ordinary

tribulations of the work place. *Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1234 (11th Cir. 2006). Indeed, Title VII was not designed to make federal courts second-guess the business judgment of employers. *Davis*, 245 F.3d at 1244. And because work assignment claims strike at the very heart of an employer's business judgment and expertise, absent unusual circumstances, they typically do not constitute adverse employment actions. *See id.* at 1244-45.

Here, the district court properly dismissed McCone's complaint because he failed to allege that he suffered an adverse employment action. Despite McCone's subjective view that his exposure to unpleasant weather conditions and deprivation of office amenities constituted significant hardship, a reasonable person under the same circumstances would recognize that these sorts of problems are commonplace and represent little more than the "ordinary tribulations" of the work place. *Davis*, 245 F.3d at 1239; *Cotton*, 434 F.3d at 1234. Because McCone failed to allege an adverse employment action, an indispensable element of an employment discrimination claim, he failed to assert a facially plausible claim that would allow the court to draw the reasonable inference that Pitney Bowes was liable for gender discrimination. *Iqbal*, 556 U.S. at 678; *Davis*, 245 F.3d at 1238.

McCone asserts that he sufficiently pleaded his gender discrimination claim, and that he was not required to allege a specific adverse action under *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (explaining that the prima facie case is

an "evidentiary standard, not a pleading requirement").  But *Swierkiewicz* cannot be read in a vacuum; the district court must also consider whether the complaint satisfies *Iqbal*'s "plausible on its face" standard and whether the allegations are sufficient to "raise a right to relief above the speculative level" under *Twombly*.[4] *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010) (noting that post-*Iqbal*, a plaintiff must allege a prima facie case of discrimination).  *Cf. Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270-71 (11th Cir. 2004) (explaining, pre-*Twombly*, that *Swierkiewicz* "did not even remotely suggest that a pleading could survive dismissal when it consisted of only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based").

Here, it is clear that McCone failed to allege any conduct that would qualify as an adverse employment action.  Because the conduct complained of was a change in duties and a negative performance evaluation without any other consequences, even accepting everything in the complaint as true, McCone failed to state a discrimination claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678.

---

[4]  We note that *Twombly* effectively overruled *Swierkiewicz* when it rejected the old standard for dismissal set out in *Conley v. Gibson*, 355 U.S. 41 (1957).  But this had no impact on *Swierkiewicz*'s statement that a plaintiff is not required to plead a prima facie case of discrimination in order to survive dismissal.

Finally, contrary to McCone's argument, the district court did not fail to consider Florida law finding cars to be dangerous instrumentalities.[5] The court cited this in its opinion, but found that this constituted only an ordinary tribulation of the workplace and not a change that reasonable people would find seriously and materially adverse. *Davis*, 245 F.3d at 1239. Thus, the district court properly dismissed McCone's complaint.

**AFFIRMED.**

---

[5] This finding arose in tort proceedings involving liability for injury resulting from a dangerous instrumentality, in that case, a construction grader. *See West v. Caterpillar Tractor Co.*, 336 So.2d 80 (Fla. 1976).