Arlene **PREUDHOMME**, Petitioner,

v.

Garth **BAILEY** and **Muschamp LLC**, Respondents.

No. 4D16–1786.

District Court of Appeal of Florida, Fourth District.

Nov. 9, 2016.

Arlene Preudhomme, Pembroke Pines, pro se.

No appearance for respondent.

PER CURIAM.

Arlene Preudhomme seeks certiorari review of a trial court order denying discovery and prohibiting her from appearing *pro se* in the post-dissolution proceedings below. After issuing an order to show cause why the petition for writ of certiorari should not be granted, this court received no response. We now grant the petition in part and quash the portion of the trial court's April 29, 2016 order barring the former wife from appearing *pro se.* We affirm as to all other aspects of the order.

Based on our review of the record, the trial court imposed that sanction prohibiting the *pro se* appearance without providing the former wife with notice and an opportunity to respond. *See Testa v. Testa,* 171 So.3d 244, 244–45 (Fla. 4th DCA

2015); *see also Delgado v. Hearn*, 805 So.2d 1017, 1018 (Fla. 2d DCA 2001) ("While it is clear that a litigant's right to access the courts may be restricted upon a showing of egregious abuse of the judicial process, ... due process requires that courts first provide notice and an opportunity to respond before imposing this extreme sanction."). We take no position on what sanction, if any, would be appropriate upon remand after issuing an order to show cause and affording the former wife a reasonable time to respond. *Testa*, 171 So.3d at 245.

We otherwise deny the petition because the former wife has not shown that the denial of discovery amounts to a departure from the essential requirements of law warranting certiorari review. *See Power Plant Entm't, LLC v. Trump Hotels & Casino Resorts Dev. Co., LLC*, 958 So.2d 565, 567 (Fla. 4th DCA 2007).

*Petition granted in part, and denied in part.*

GERBER, CONNER and KLINGENSMITH, JJ., concur.