IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


LARRY L. BRINSON,

      Appellant,

 v.                                                    Case No.  5D16-2809

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 31, 2017

Appeal from the Circuit Court
for St. Johns County,
J. Michael Traynor, Judge.

Larry L. Brinson, Raiford, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Samuel A. Perrone,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      Larry Brinson appeals the postconviction court's "Order Banning Further Pro Se

Filings" in all cases.  Because we find that the challenged order is overbroad, we reverse

for the entry of an order that prohibits Brinson from pro se filings attacking the judgment,

convictions, and sentence imposed in the underlying criminal case but does not otherwise

bar him from filing pro se pleadings in other unrelated matters.

In 2007, following a jury trial, Brinson was convicted in the Seventh Judicial Circuit Court, St. Johns County, Florida, Case No. CF06-1283, of sexual battery with a weapon or use of force likely to cause great bodily harm and was sentenced to serve life in prison.[1] This court affirmed his direct appeal without opinion. *Brinson v. State*, 969 So. 2d 1036 (Fla. 5th DCA 2007). Over the ensuing years, Brinson filed a total of eight separate, unsuccessful motions for collateral or postconviction relief. In denying Brinson's eighth motion, the postconviction court incorporated into its order what is commonly referred to as a "*Spencer* order,"[2] directing Brinson to show cause in writing why, due to his "repetitive, frivolous, and meritless filings," the court should not prohibit him from filing any further pro se motions or petitions in the court attacking his judgment and sentence in Case No. CF06-1283.

Brinson timely responded to the show cause order. The postconviction court found no merit in Brinson's response and further found that Brinson had abused the judicial system by his repetitive and meritless filings. As a sanction, the court barred Brinson from filing any further pleadings or papers in the court unless signed by an attorney licensed to practice law in Florida. The court's prohibition applied not only to Case No. CF06-1283 but also to "any other currently active case in which [Brinson] is representing himself and to any 'future case.'"

A circuit court's order prohibiting pro se filings by a defendant is reviewed by the appellate court under the abuse of discretion standard. *Ashe v. State*, 106 So. 3d 956,

---

[1] Brinson was also convicted of kidnapping, but the trial court did not impose a sentence for this conviction.

[2] *State v. Spencer*, 751 So. 2d 47 (Fla. 1999).

957 (Fla. 4th DCA 2013) (citing *Hudson v. State*, 95 So. 3d 413, 414 (Fla. 4th DCA 2012)). Initially, we find no abuse of discretion in the court barring Brinson from future pro se filings attacking his judgment, convictions, or sentence in Case No. CF06-1283, whether filed in that case or in any other case. However, a literal reading of the present order prohibits Brinson from filing any pro se pleadings, motions, or petitions in any case in the Seventh Judicial Circuit, St. Johns County, even if completely unrelated to Case No. CF06-1283. We find that aspect of the order to be overbroad, especially as the show cause order placing Brinson on notice that the court was considering imposing sanctions against him for his repetitive and frivolous filings only provided that the ban would apply to Brinson's pro se filings attacking his judgment, convictions, and sentence in Case No. CF06-1283 and not in those cases unrelated to Case No. CF06-1283.

Accordingly, we reverse the order on appeal and remand to the lower court to enter an order barring Brinson from filing any pleadings, motions, petitions, or other papers in any case in which Brinson is attacking or challenging the judgment, convictions, or sentence in Case No. CF06-1283, unless reviewed and signed by an attorney licensed to practice law in the State of Florida and in good standing with The Florida Bar.

REVERSED and REMANDED, with directions.

PALMER, ORFINGER, and LAMBERT, JJ. concur.