WINOKUR, J.
Aaron L. Strong appeals the final order of the circuit court imposing sanctions upon him for filing multiple frivolous post-conviction motions. We affirm this order and also write to address Appellant’s numerous frivolous appeals.
Appellant was convicted of two counts of sale of a controlled substance within 1000 feet of a church, and sentenced to consecutive terms of ten years’ incarceration as to each count. His judgment and sentence were affirmed by this Court in Strong v. State, 847 So.2d 462 (Fla. 1st DCA 2003). Since then, Appellant has filed in this Court fourteen separate appeals, including this instant one, of the lower court’s orders denying various postconviction motions and petitions challenging his 2002 convictions.* Appellant has not obtained relief in any of these cases.
An order prohibiting additional pro se filings by a prisoner is reviewed “for an abuse of discretion.” Ashe v. State, 106 So.3d 956, 957 (Fla. 4th DCA 2013). Florida Rule of Criminal Procedure 3.850 allows defendants to seek relief by filing motions .to vacate, set aside, or correct sentences, but also imposes time limitations of two years on most motions. Fla. R. Crim. P. 3.850(b). Prior to the imposition of a sanction, the circuit court must “first provide notice and an opportunity to respond before preventing that litigant from bringing further attacks on his or her conviction and sentence.” State v. Spencer, 751 So.2d 47, 48 (Fla. 1999).
In this case, the circuit court dismissed Appellant’s three postconviction motions as successive and untimely, and included a directive to show cause why sanctions should not be imposed against him. The circuit court noted that the motions were filed more than two years after Appellant’s convictions and sentences became final in 2003, referencing the two-year limitation period for filing motions under rule 3.850. *196 The circuit court also noted Appellant s several motions for postconviction relief, including three previous motions under rule 3.850, which have all been denied. The circuit court’s order referenced a previous order dismissing a previous postconviction motion in the same case, in which Appellant was warned that further frivolous claims could result in sanctions. Appellant responded to the circuit court’s order, and the circuit court found that Appellant failed to show good cause why the court should not prohibit future filings. The circuit court relied upon Ferris v. State, 100 So.3d 142, 144 (Fla. 1st DCA 2012) (Wetherell, J., concurring); Cassady v. State, 683 So.2d 1194, 1194 (Fla. 5th DCA 1996); and Isley v. State, 652 So.2d 409, 410 (Fla 5th DCA 1995), to find that Appellant had exhausted his postconviction remedies. The circuit court prohibited Appellant from filing any additional pro se motions, pleadings, or petitions relating to his conviction and sentence.
The instant appeal stems from the circuit court’s order barring Appellant from future pro se filings. Upon this Court’s own motion, Appellant was ordered to show cause why his filing of fourteen previous appeals and petitions relating to his 2002 convictions should not subject him to sanctions by this Court. See Spencer, 751 So.2d at 48. Appellant’s response to the show cause order reargued the frivolous points made in his initial brief and failed to provide any jurisdiction for his continued abuse of the appellate process.
Thus, the order on appeal was within the discretion of the circuit court and is affirmed. Additionally, we conclude that sanctions against Appellant are warranted. Appellant is prohibited from filing any future appeals or petitions in this Court related to case number 2001 CF 13451, Fourth Judicial Circuit in and for Duval County, unless the documents are signed by a member in good standmg of The Florida Bar. The Clerk of this Court is directed not to accept any future pro se filings by Appellant relating to case number 2001 CF 13451, Fourth Judicial Circuit in and for Duval County.
We also direct the Clerk to forward a certified copy of this opinion to the Department of Corrections for potential disciplinary action under section 944.279, Florida Statutes.
AFFIRMED.
LEWIS and BILBREY, JJ., CONCUR.

 Strong v. State, 847 So.2d 462 (Fla. 1st DCA 2003); Strong v. State, Case No. 1D04-0996; Strong v. State, Case No. 1D05-0989; Strong v. State, Case No. 1D06-2298; Strong v. State, 957 So. 2d 1174 (Fla. 1st DCA 2007); Strong v. State, Case No. 1D08-2666; Strong v. State, 13 So.3d 60 (Fla. 1st DCA 2009); Strong v. State, 6 So.3d 60 (Fla. 1st DCA 2009); Strong v. State, Case No. 1D11-3576; Strong v. State, 83 So.3d 716 (Fla. 1st DCA 2012); Strong v. State, 133 So.3d 934 (Fla. 1st DCA 2013); Strong v. State, Case No. 1D15-3188; Strong v. State, 197 So.3d 559 (Fla. 1st DCA 2016).