IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MARLON L. SAPP,

      Appellant,

 v.                                   Case No.  5D17-2487

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed February 9, 2018

Appeal from the Circuit Court
for Brevard County,
John M. Harris, Judge.

Marlon L. Sapp, Orlando, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Douglas T. Squire,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Marlon Sapp appeals an order prohibiting any future pro se filings in the circuit

court. We affirm the imposition of the order but reverse and remand for a corrected order

limited to filings related to Sapp's current incarceration and related judgment, conviction,

and sentence.

      Sapp is serving a twenty-five-year prison sentence. Since his incarceration, he has

filed at least thirty-six pro se cases against various defendants.[1] The trial court issued an

_____

      [1] The trial court classified Sapp's claims in the thirty-six cases as "vague baseless
civil rights claims against numerous judges, law enforcement officers, police departments,

order to show cause as to why Sapp should not be prohibited from filing any further pro se pleadings in the thirty-six pending cases and in any future cases seeking affirmative relief, without representation by a Florida Bar certified attorney. Sapp responded that it was not his intent to waste the court's finite resources, he believed he had legitimate bases for his claims, and his claims were not frivolous.

The trial court proceeded to issue an "Order Barring Plaintiff from Filing Pro Se Pleadings and Actions Seeking Affirmative Relief in the Above Cases and Future Cases" referencing the same thirty-six cases as the order to show cause. The court found that Sapp's response to the order to show cause lacked merit, his filings constituted an abuse of procedure, and his claims were all "baseless as a matter of law." The order also prohibited Sapp from filing pro se pleadings in "any of his other cases which have ever been pending" and in "any future cases in which [Sapp] seeks affirmative relief as a plaintiff."

A trial court's order prohibiting further pro se filings from a litigant is reviewed for abuse of discretion. Brinson v. State, 215 So. 3d 1260, 1261 (Fla. 5th DCA 2017). "When a pro se litigant files frivolous law suits or pleadings in a lawsuit, the court has the authority to restrain such a litigant from abusing the legal system and prevent him from abusing, annoying, or harassing those against whom such suits or pleadings have been filed." Balch v. HSBC Bank, USA, N.A., 128 So. 3d 179, 181 (Fla. 5th DCA 2013); see also Jackson v. Fla. Dep't of Corr., 790 So. 2d 398, 402 (Fla. 2001) ("[T]he constitutional right of access to courts does not 'guarantee inmates the wherewithal to transform themselves

---

the Office of the State Attorney, etc." and noted that Sapp alleged the "exact same allegations" in most of the lawsuits.

2

into litigating engines.'" (quoting <u>Jackson v. Fla. Dep't of Corr.</u>, 790 So. 2d 381, 387 (Fla. 2000))).

Sapp relies on <u>Brinson</u> to argue that the circuit court's order was overbroad because it prohibits future pro se filings unrelated to his current pending cases. 215 So. 3d 1260. In <u>Brinson</u>, the defendant filed eight postconviction collateral attacks to his judgment, conviction, and sentence. <u>Id.</u> at 1261. This Court held that it was within the trial court's discretion to prohibit future pro se filings related to the defendant's conviction and sentence, whether related to his criminal case "or in any other case." <u>Id.</u> However, this Court also held that the trial court abused its discretion in issuing a blanket order prohibiting the defendant "from filing any pro se pleadings, motions, or petitions in any case in the Seventh Judicial Circuit, St. Johns County, even if completely unrelated to" the defendant's judgment, conviction, or sentence. <u>Id.</u> We concluded that the order prohibiting further pro se filings was overbroad, particularly because the order to show cause only provided that the ban would apply to the defendant's challenges to his conviction and sentence, and it did not provide that it would apply in cases unrelated to his criminal conviction. <u>Id.</u>

While we recognize that the prohibition against further pro se filings is a drastic step, the prohibition is warranted in Sapp's case. Sapp has filed over thirty-six civil actions against a host of defendants. The Florida Supreme Court has held that it is sometimes appropriate to "sanction petitioners who abuse the legal process by requiring them to be represented by counsel in future actions." <u>Lussy v. Fourth Dist. Court of Appeal</u>, 828 So. 2d 1026, 1027 (Fla. 2002). This Court has also deemed it appropriate to prohibit future pro se appeals and impose restraints on pro se litigants "when one person, by his activities, upsets the normal procedure of the court so as to interfere with the causes of

other litigants." Platel v. Maguire, Voorhis & Wells, P.A., 436 So. 2d 303, 304 (Fla. 5th DCA 1983). Requiring representation by counsel in future cases does not equate to the complete denial of access to courts. Id. Additionally, such a restraint is within the judiciary's "inherent power to prevent abuse of court procedure." Id.

Because Sapp has filed numerous frivolous cases in the lower court, the trial court properly exercised its "inherent power to prevent abuse of court procedure" by prohibiting further pro se filings in the circuit court. See id. However, in accordance with Brinson, we reverse and remand for correction of the order to limit the prohibition to cases and causes of action relating to Sapp's current incarceration and associated judgment, conviction, and sentence.

AFFIRMED IN PART; REVERSED IN PART; REMANDED.

COHEN, C.J., BERGER and WALLIS, JJ., concur.