NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARCUS B. HARRIS,                          )
                                           )
              Appellant,                   )
                                           )
v.                                         )        Case No. 2D17-5170
                                           )
MARTYE S. GATTIE,                          )
                                           )
              Appellee.                    )
                                           )
_____      )

Opinion filed January 23, 2019.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Hillsborough
County; Gregory P. Holder, Judge.

Marcus B. Harris, pro se.

No appearance for Appellee.


VILLANTI, Judge.


        Marcus Harris appeals the order sanctioning him for allegedly filing

frivolous pleadings by forbidding him from filing further pro se papers in this case and

any other case in which he is a litigant.  We treat Harris's appeal as a petition for writ of

certiorari.[1]  See, e.g., Owens v. Forte, 135 So. 3d 445, 445-46 (Fla. 2d DCA 2014)

_____

        [1]Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause
shall be treated as if the proper remedy had been sought . . . .").

(reviewing order precluding a party from filing further pro se pleadings through certiorari); Balch v. HSBC Bank, USA, N.A., 128 So. 3d 179, 181 (Fla. 5th DCA 2013) (concluding that an order sanctioning a pro se litigant and prohibiting future pro se filings is not a final, appealable order and converting the appeal to a petition for writ of certiorari); Epps v. State, 941 So. 2d 1206, 1206-07 (Fla. 4th DCA 2006) (reviewing order precluding a party from filing further pleadings pro se through certiorari); Favreau v. Favreau, 940 So. 2d 1188, 1189 (Fla. 5th DCA 2006) (treating notice of appeal of order barring further pro se pleadings as a petition for writ of certiorari).[2]  And we grant certiorari and quash the sanctions order because the trial court failed to follow the proper procedures before imposing this sanction on Harris.

The underlying case arises out of a dispute between Harris and some of his relatives concerning the disposition of some real property that was included in his uncle's estate.  Harris is currently serving a term in Florida State Prison, and, due in part to his incarceration, Harris had difficulty effecting service of his complaint on his niece and grandniece.  Because of this, Harris filed a number of motions with the court relating to service of the complaint.  The trial court timely ruled on each of these motions.

Before his initial complaint had been served on all defendants, Harris filed a motion for leave to file an amended complaint, and he attached the proposed amended complaint to that motion.  On October 27, 2017, the trial court granted this motion and deemed the amended complaint filed as of that date.  However, shortly

_____

[2]But see Bolton v. SE Prop. Holdings, LLC, 127 So. 3d 746 (Fla. 1st DCA 2013) (considering direct appeal of an order sanctioning a pro se litigant for filing frivolous pleadings).

- 2 -

thereafter, on November 13, 2017, the trial court sua sponte entered an order barring

Harris from filing any further pro se motions or pleadings in this case and any other

case. There is no indication in either the sanctions order itself or the trial court's docket

that the court provided notice to Harris that the court was considering imposing

sanctions against him or that the court afforded him an opportunity to be heard before

the sanction was imposed. Upon receipt of the sanctions order, Harris promptly sought

review in this court.

As noted above, while Harris filed a notice of appeal directed to the

sanctions order, we treat this appeal as a petition for writ of certiorari. To be entitled to

the issuance of such a writ, Harris must show "(1) a departure from the essential

requirements of the law, (2) resulting in material injury for the remainder of the case

(3) that cannot be corrected on postjudgment appeal." Williams v. Oken, 62 So. 3d

1129, 1132 (Fla. 2011) (quoting Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d

812, 822 (Fla. 2004)). The departure from the essential requirements of the law

sufficient to warrant relief through certiorari is something more than simple legal error.

Instead, "[a] district court should exercise its discretion to grant certiorari review only

when there has been a violation of a clearly established principle of law resulting in a

miscarriage of justice." Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 889 (Fla.

2003) (citing Ivey v. Allstate Ins. Co., 774 So. 2d 679, 682 (Fla. 2000)). Such a

miscarriage can occur when a party's due process right to notice and an opportunity to

be heard has been abridged by the court. See, e.g., Presidio Networked Sols., Inc. v.

Taylor, 115 So. 3d 434, 435 (Fla. 2d DCA 2013) (noting that the trial court's failure to

provide notice and opportunity to be heard to Presidio was a "complete denial of due

process" sufficient to "constitute[] the type of irreparable harm that is subject to certiorari review"); K.G. v. Fla. Dep't of Children & Families, 66 So. 3d 366, 368-69 (Fla. 1st DCA 2011) (holding that the court's failure to afford the mother an opportunity to be heard at the shelter hearing constituted a departure from the essential requirements of the law sufficient to be subject to review by certiorari).

In the context of sanctioning a pro se litigant by barring further pro se pleadings, the supreme court has recognized that there must be a balance between a litigant's right of access to the courts and any abuse of that process.

> We have recognized the importance of the constitutional guarantee of citizen access to the courts, with or without an attorney. See, e.g., Rivera [v. State], 728 So. 2d [1165] at 1166 [(Fla. 1998)]; Attwood [v. Singletary], 661 So. 2d [1216] at 1217 [(Fla. 1995)]; see also art. I, § 21, Fla. Const. ("The courts shall be open to every person for redress of any injury. . . ."). Thus, denying a pro se litigant the opportunity to file future petitions is a serious sanction, especially where the litigant is a criminal defendant who has been prevented from further attacking his or her conviction, sentence, or conditions of confinement, as in Spencer and Huffman.

> However, any citizen, including a citizen attacking his or her conviction, abuses the right to pro se access by filing repetitious and frivolous pleadings, thereby diminishing the ability of the courts to devote their finite resources to the consideration of legitimate claims. See Rivera, 728 So. 2d at 1166; Attwood, 661 So. 2d at 1216-17; Martin [v. Circuit Court, Seventeenth Judicial Circuit], 627 So. 2d [1298] at 1300 [(Fla. 4th DCA 1993)].

State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999). Thus, "[c]ourts may, upon a demonstration of egregious abuse of judicial process, restrict parties from filing pro se pleadings with the court." Id. at 47; see also Martin v. Dist. of Columbia Court of

- 4 -

Appeals, 506 U.S. 1, 3 (1992) (recognizing the court's inherent authority to sanction vexatious litigants).

However, to balance the pro se litigant's right of access against the need of the courts to prevent abusive filings, the court must provide the pro se litigant with notice and an opportunity to be heard before such a sanction may be imposed. Spencer, 751 So. 2d at 48. And this due process requirement applies to litigants involved in civil proceedings as well as criminal ones. See, e.g., Lomax v. Taylor, 149 So. 3d 1135, 1136 n.2 (Fla. 2014) (citing Spencer as providing the required procedure before sanctioning a litigant in a civil case); Riethmiller v. Riethmiller, 133 So. 3d 926, 926 n.3 (Fla. 2013) (same); Delgado v. Hearn, 805 So. 2d 1017, 1018 (Fla. 2d DCA 2001) (applying the Spencer standard to civil litigants).

Here, neither the trial court's order nor its docket shows that the court provided Harris with either notice or an opportunity to be heard before it sanctioned him by barring him from filing any further pro se pleadings or papers. By failing to afford Harris his due process right to notice and opportunity to be heard before it imposed sanctions, the trial court departed from the essential requirements of the law. And while the court did not bar Harris from appearing through counsel, Harris has nevertheless suffered a material injury that cannot be corrected on postjudgment appeal in that he is barred from filing any papers on his own behalf in this, or any other, civil case—a right to which he would be otherwise entitled.

For this reason, we grant Harris's petition, quash the sanctions order, and remand for further proceedings. We do not address the merits of the trial court's order, and, on remand, the trial court may again consider sanctioning Harris if it provides him

- 5 -

with notice of the possibility of sanctions and an opportunity to be heard.  We also note that while it may be permissible for the court to enter a sanctions order that prohibits pro se filings in other and future cases, see, e.g., Sapp v. State, 238 So. 3d 875, 877-78 (Fla. 5th DCA 2018), it would behoove the trial court to provide Harris with notice of the possibility of such broad-reaching sanctions and the opportunity to be heard on the extent of those sanctions if it intends to do so, see Brinson v. State, 215 So. 3d 1260, 1261 (Fla. 5th DCA 2017) (finding sanctions order that prohibited pro se filings in future cases to be overbroad when the show cause order placing Brinson on notice of the possibility of sanctions referred only to the case in which the notice was given).

Petition granted, order quashed, and remanded for further proceedings.

LaROSE, C.J., and LUCAS, J., Concur.