IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

HENRY McCONE,

      Petitioner,

  v.

Case No.  5D21-3130
LT Case No. 2014-CA-013224-O

PITNEY BOWES, INC., AND EXELA
ENTERPRISE SOLUTIONS, INC.,

      Respondents.
_____/

Opinion filed July 8, 2022

Petition for Certiorari Review of Decision
from the Circuit Court for Orange County,
Jeffrey L. Ashton, Judge.

Henry McCone, Orlando, pro se.

Luis A. Santos and Todd S. Aidman of
Ford & Harrison, LLP, Tampa, for
Respondents.

COHEN, J.

    Henry McCone petitions this Court for certiorari review, challenging the

trial court's order limiting his ability to represent himself. Because McCone

was not afforded the appropriate Spencer[1] procedures, we grant the petition and quash the order.

McCone has been representing himself in a protracted employment discrimination suit he filed in 2014.[2] While our record on appeal is limited, it reflects a plethora of filings—often with voluminous attachments of questionable relevance—including repeated motions to disqualify virtually every judge who has been assigned to his case and motions to disqualify defense counsel. The record also reflects McCone's failure to attend several scheduled depositions. As a result of those failures, on March 23, 2022, the court entered an order dismissing the case with prejudice.

On April 7, McCone timely filed a motion for rehearing on that ruling. McCone argued that the trial court failed to make express findings that his failure to attend depositions was deliberate and in contumacious disregard

---

[1] See State v. Spencer, 751 So. 2d 47, 48–49 (Fla. 1999).

[2] McCone originally filed an employment discrimination claim in federal court, which was dismissed by the district court and affirmed on appeal to the Eleventh Circuit Court of Appeals. McCone v. Pitney Bowes, Inc., 582 F. App'x 798 (11th Cir. 2014). McCone then filed the instant action. Proceedings were delayed in part by a stay while McCone appealed the Eleventh Circuit's decision to the United States Supreme Court. The Court declined to review the case.

of a court order. See Mercer v. Raine, 443 So. 2d 944, 946 (Fla. 1983).

On November 17, 2021, after McCone had continued filing motions, the trial court entered an order prohibiting McCone from further pro se filings based on abuse of process, unless accompanied by a certificate from a member of the Florida Bar in good standing attesting that it was filed in good faith. McCone attempted to appeal that order, but the clerk of the court refused to accept and docket the pleading, based on the bar against further pro se filings. McCone then petitioned this Court for certiorari review.

Generally, to receive relief under certiorari review, a party must show that (1) the lower court departed from the essential requirements of the law; (2) the party will suffer a material injury for the remainder of the case; and (3) there is no adequate remedy on post-judgment appeal. Holmes Reg'l Med. Ctr., Inc. v. Dumigan, 151 So. 3d 1282, 1284 (Fla. 5th DCA 2014) (citing Allan & Conrad, Inc. v. Univ. of Cent. Fla., 961 So. 2d 1083, 1087 (Fla. 5th DCA 2007)). The last two requirements are often combined into the concept of "irreparable harm." Id. (citing Citizens Prop. Ins. Corp. v. San Perdido Ass'n, 104 So. 3d 344, 351 (Fla. 2012)).

Here, McCone has established irreparable harm. See, e.g., Harris v. Gattie, 263 So. 3d 829, 832 (Fla. 2d DCA 2019) (noting litigant suffered material injury that could not be corrected on post-judgment appeal when he

3

was barred from filing any papers on his own behalf, even though he could appear through counsel). In addition, we conclude that the trial court departed from the essential requirements of law by prohibiting McCone from pro se filings without first issuing an order to show cause, providing reasonable notice and an opportunity to respond, before denying McCone access to the courts. Humes v. Solanki, 305 So. 3d 334, 337 (Fla. 3d DCA 2020); see also Spencer, 751 So. 2d at 48–49. Pitney Bowes acknowledges that no such procedure was utilized.[4]

Finally, we treat the portion of McCone's petition advancing the argument that the trial court had a responsibility to rule on the motion for rehearing as a petition for a writ of mandamus, and grant the petition. See Woodbury v. Henning, 596 So. 2d 798, 798 (Fla. 4th DCA 1992). In allowing McCone the ability to continue to represent himself at this time, we do so without prejudice for the trial court to reenter a Spencer order after providing McCone with the procedural requirements due to him.

PETITION GRANTED; ORDER QUASHED.

EISNAUGLE and SASSO, JJ., concur.

_____

[4] While Pitney Bowes argues that McCone cannot establish prejudice because he failed to timely appeal the order of dismissal, such argument fails to recognize that, because McCone had filed a timely motion for rehearing that remained pending, rendition of the dismissal was tolled.