# Third District Court of Appeal
## State of Florida

Opinion filed May 7, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0457
Lower Tribunal No. F04-2111B
_____

**Manuel Walters,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Manuel Walters, in proper person.

James Uthmeier, Attorney General, and Kayla Heather McNab, Assistant Attorney General, for appellee.

Before FERNANDEZ, MILLER and LOBREE, JJ.

PER CURIAM.

Manuel Walters appeals from the trial court's order denying his

successive motion for postconviction relief and subsequent order prohibiting him from filing further pleadings relating to this case unless signed by a member in good standing of the Florida Bar. He contends that the trial court erred in summarily denying his successive motion for postconviction relief raising a claim of ineffective assistance of counsel based upon "newly discovered evidence" in the form of a 2008 note memorializing a plea offer made to him in open court in the absence of his counsel, which he recently obtained from the state attorney's file. For the reasons that follow, we affirm.

Florida Rule of Criminal Procedure 3.850(h)(2), provides:

> A second or successive motion is an extraordinary pleading. Accordingly, a court may dismiss a second or successive motion if the court finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the defendant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure or there was no good cause for the failure of the defendant or defendant's counsel to have asserted those grounds in a prior motion.

To succeed on a claim of newly discovered evidence, Walters must first establish "that the evidence was not known by the trial court, the party, or counsel at the time of trial and it could not have been discovered through due diligence at the time of trial[.]" Sheppard v. State, 338 So. 3d 803, 825 (Fla. 2022) (citing Jones v. State, 709 So. 2d 512, 521 (Fla. 1998)). On

2

appeal, Walters concedes that a version of this "newly discovered" claim was presented in his prior motion.  He further acknowledges that the note supporting this claim was obtained by his counsel who inspected the state's file *before* an evidentiary hearing held on his prior motion for postconviction relief.  The trial court correctly found that the record reflects that the motion on review recast prior claims that had been adjudicated multiple times, all of which were filed more than two years after his judgment and sentence became final. See Walters v. State, 389 So. 3d 513 (Fla. 3d DCA 2023) (unpublished table decision) (affirming order denying rule 3.850 motion); Walters v. State, 301 So. 3d 219 (Fla. 3d DCA 2020) (unpublished table decision) (affirming order denying rule 3.850 motion); see also Walters v. State, 299 So. 3d 1050 (Fla. 3d DCA 2020) (unpublished table decision) (affirming order denying rule 3.800(a) motion).  Accordingly, we affirm the denial of this claim as untimely, successive and procedurally barred.

We review the trial court's subsequent order prohibiting pro se filings by the defendant under the abuse of discretion standard. Quintero v. State, 291 So. 3d 978, 978 (Fla. 3d DCA 2019) (citing Brinson v. State, 215 So. 3d 1260, 1261 (Fla. 5th DCA 2017)).  Upon consideration of Walters' response to an order to show cause as to why he should not be barred from filing additional pleadings or papers pertaining or relating to, or arising out of the

3

case at bar, and the successive, duplicative, pro se petitions and appeals brought by Walters, we conclude that the trial court properly exercised its discretion in finding that Walters had failed to do so. See State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999).

Affirmed.