DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GLEN DERRICK JOHNSON,**
Petitioner,

v.

**PETER SOBOTA,**
Respondent.

No. 4D2025-1104

[April 1, 2026]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. 062024CA017869AXXXCE.

Glen Derrick Johnson, Lauderhill, pro se.

No appearance for respondent.

PER CURIAM.

Defendant seeks review of the trial court's order barring him from filing further pro se pleadings without first providing notice and an opportunity to be heard. Because such an order is reviewable by petition for writ of certiorari, we treat defendant's appeal as a petition for writ of certiorari. *See* Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause must be treated as if the proper remedy had been sought . . . ."); *see also Epps v. State,* 941 So. 2d 1206, 1206-07 (Fla. 4th DCA 2006) (reviewing through certiorari an order precluding a party from filing further pro se pleadings). We grant certiorari and quash the sanctions order because the trial court failed to follow the proper procedures before imposing this sanction on defendant.[1]

The Florida Supreme Court has recognized that there must be a balance between a litigant's right of access to the courts and any abuse of that process. *State v. Spencer,* 751 So. 2d 47, 48 (Fla. 1999). "Courts may, upon a demonstration of egregious abuse of judicial process, restrict parties from filing pro se pleadings with the court." *Id.* at 47. Because an

---

[1] We find the other issues raised by defendant without merit.

order prohibiting pro se filings restricts a litigant's access to the courts, it must comply with due process and provide "notice and an opportunity to respond" to show cause why the sanction should not be imposed. *Id.* at 48.

Here, the record does not show that the trial court provided defendant with notice or an opportunity to be heard before it sanctioned him by barring him from filing any further pro se pleadings or communications. Although defendant was provided notice and an opportunity to be heard in a separate action before a different judge,[2] that notice does not satisfy the due process requirement in this case. *See Brinson v. State*, 215 So. 3d 1260, 1261 (Fla. 5th DCA 2017) (emphasizing that when the show cause order placed the defendant only on notice of a proposed ban limited to filings attacking his judgment and sentence in a particular case, the sanction could not exceed the provided notice). Because the trial court failed to provide defendant with notice and an opportunity to be heard before imposing this sanction, the trial court departed from the essential requirements of the law.

For this reason, we quash, without prejudice, the order barring defendant from pro se filings.[3] *See Lyons v. Steiner*, 356 So. 3d 898, 898 (Fla. 5th DCA 2023).

*Petition granted; order quashed.*

LEVINE, FORST and SHEPHERD, JJ., concur.

\*     \*     \*

**Not final until disposition of timely-filed motion for rehearing.**

---

[2] *See Johnson v. Muscella*, 4D2025-1088 (Fla. 4th DCA April 1, 2026).

[3] The trial court may reconsider whether to bar defendant from future pro se filings; but if it does so, the court must comply with the procedural requirement of issuing an order to show cause that gives defendant both reasonable notice and an opportunity to be heard. We take no position on the merits of whether defendant should be barred from further pro se filings below in this particular case.

2